**INITIAL APPEARANCE MINUTES:**

| | |
|---|---|
| Time set: 4:00 | Date: 8/25/25 |
| Start Time: 4:07 | Presiding Judge: Lawrence R. Leonard, USMJ |
| End Time: 4:18 | Courtroom Deputy: Woodcock, L |
| | Reporter: FTR-Mag 2 |
| Split Time ( ) | U.S. Attorney: Jeremy Mckinnon, AUSA |
| | Defense Counsel: |
| | ( ) Retained ( ) Court appointed ( ) AFPD |
| | Interpreter: |

Case Number: 2:25cr101
USA v. Jerry Keith Brady, Jr.

(X) Deft. Present (X) custody ( ) not in custody
(X) Initial Appearance (X) Indictment ( ) Probation Violation Petition ( ) Supervised Release Petition
     ( ) Criminal Information ( ) Rule 5 arrest ( ) Rule 32 arrest ( ) Criminal Complaint
( ) Defendant consented to video proceedings. Order entered and filed
(X) Deft. advised of rights, charges and right to counsel
(X) Counsel desired ( ) Defendant to retain: _____
(X) Oral admonition as required by DPPA given to the prosecutor
( ) Defendant's motion to substitute counsel
( ) Order to substitute counsel executed and filed in open court
(X) Financial Affidavit filed in open Court
(X) Court (X) Directed ( ) Denied appointment of counsel
(X) Michael Tagliabue AFPD present. FPD appointed in open court
( ) Court directed defendant to reimburse govt. at rate of $_____ per month. Payments to begin and
    continue each month thereafter until paid in full.
( ) Defendant waived ( ) Removal ( ) Preliminary hearing (In this District only)
( ) Defendant executed Waiver of Removal Hearing ( ) Waiver of Identity Hearing (In this District only)
( ) Waiver of Detention Hearing (In this District only)
( ) Commitment to Another District entered and filed in open court
( ) ( ) Preliminary ( ) Removal Hearing set for _____ at _____ before
_____ U.S. Magistrate Judge in _____.
( ) Preliminary Hearing       ( ) Held ( ) Waived. ( ) Defendant stipulated to probable cause
( ) Court finds probable cause ( ) Defendant held for Grand Jury ( ) Defendant remanded to custody of
    U.S. Marshal for removal to charging district
( ) Government motion for Detention (X) Government not seeking detention
( ) Government motion to withdraw motion for detention and set bond ( ) Granted        ( ) Denied
( ) Detention Hearing scheduled for _____ at _____ before _____.
( ) Detention Hearing ( ) Held ( ) Waived in _____.
( ) Temporary Detention Order entered and filed ( ) Detention Ordered Pending Trial
(X) Bond set at $ PR
(X) Special Conditions of Release: (See Page 2)
( ) Deft. remanded to custody of U. S. Marshal
(X) Warrant returned executed and filed in open court
(X) Defendant is directed to appear on 9/3/25 at 2:30 (LRL) for
    (X) Arraignment ( ) SRVH ( ) PVH ( ) Bench
    Trial
    (X) Norfolk ( ) Newport News
( ) _____
( ) _____

Ginnie Price
AFPD

## ADDITIONAL CONDITIONS OF RELEASE

( ) The defendant is placed in the custody of: _____
   Address: _____
(X) (a) submit to supervision by and report for supervision to the <u>United States Probation Office</u>, no later than <u>today</u>.
( ) (b) continue or actively seek employment.
( ) (c) surrender any passport to: <u>U.S. Probation.</u> ( ) not obtain a passport or other international travel document.
( ) (d) abide by the following restrictions on personal association, residence, or travel: _____
(X) (e) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: Co-defs.  ( ) avoid contact with minors under age 18, unless another adult is present who has been approved in advance by Pretrial Services.
( ) (f) refrain from possessing or having access to any computer or the internet unless a computer monitoring program has been installed by Pretrial. The defendant shall not remove or in any way circumvent the software. The cost to be paid by defendant.
( ) (g) not use, have possession, or access any computers, bulletin boards, chat rooms, video gaming system and console, phones with internet capabilities, or other such devices which would enable contact and/or data sharing with others unless a computer monitoring program has been installed.
(X) (h) not possess a firearm, destructive device, or other weapon.
( ) (i) not use alcohol ( ) at all ( ) excessively.
( ) (j) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
( ) (k) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
( ) (l) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
( ) (m) participate in one of the following location restriction programs and comply with its requirements as directed.
   ( ) (i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
   ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
   ( ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or
   ( ) (iv) **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand Alone Monitoring should be used in conjunctions with global positioning system (GPS) technology.
( ) (n) submit to the following location monitoring technology and comply with its requirements as directed ( ) and pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer:
   ( ) (i) Location monitoring technology as directed by the pretrial services or supervising officer; or
   ( ) (ii) Voice Recognition; or
   ( ) (iii) Radio Frequency; or
   ( ) (iv) GPS
( ) (o) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
(X) (p) provide the Probation Officer access to any requested financial information and authorize the release of any financial information.
(X) (q) notify current or future employers of charged offense ( ) and provide contact information for individual responsible for internet monitoring at place of employment.
(X) (r) not incur new credit charges, or apply for or open additional lines of credit, loans, or financial or bank accounts without the prior approval of the probation office.
( ) (s) not engage in any occupation that would require or enable access to the personal identity or financial information of other without the prior approval of the probation office.
( ) (t) submit to mental health and/or sex offender evaluation and treatment as directed by the U.S. Probation Office.

(X) no access to any law enforcement data bases